# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **PAT BRITTON**, Personal Representative of the Estate of **JESSE BRITTON**, Deceased, | CASE NO. 7:08CV5008 |
| Plaintiff, | **MEMORANDUM AND ORDER** |
| v. | |
| **RICHARD THOMPSON**, in his official and individual capacities; **DAN KLING**, in his official and individual capacities; and **CITY OF CRAWFORD**, a Nebraska political subdivision, | |
| Defendants. | |

This matter is before the Court on the Motion to Dismiss filed by Defendant Dan Kling ("Kling") (Filing No. 17). He argues that the Complaint should be dismissed against him, in his individual capacity only, for failure to state a claim in accordance with Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

A motion under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the factual allegations in the Amended Complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is

improbable, and 'that recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

## FACTS

For purposes of the pending motion to dismiss, this Court accepts as true the factual allegations in the Complaint (Filing No. 1), although the Court is not bound to accept the Plaintiff's legal conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1965.

Pat Britton ("Britton") is the mother and personal representative of the Estate of Jesse Britton ("Jesse"). (Complaint ¶ 3). Jesse was a 16-year-old residing in the State of Nebraska at the time of his death in Crawford, Nebraska, on October 3, 2007. (*Id.* ¶ 3). Kling at all relevant times was employed as a conservation officer with the Nebraska Game & Parks Commission. *(Id.* ¶ 4). Defendant Richard Thompson ("Thompson") at all relevant times was employed as a police officer for the Defendant City of Crawford ("City"). (*Id.*).

On the morning of October 3, 2007, Thompson and Kling received information that Jesse was hiding in a vacant building in downtown Crawford. At that time, Jesse was a suspect in several burglaries, including one involving a stolen firearm. (*Id.* ¶ 5). Kling and Thompson entered the building, and Thompson shot and killed Jesse. (*Id.* ¶ 11, 12).

Britton alleges that Kling and Thompson were aware that Jesse had a history of juvenile court adjudications for nonviolent offenses. (*Id.* ¶ 6). Britton states that Jesse had no history of mental illness, was not suicidal, and had no history of harming or attempting to harm police. (*Id.*). Britton alleges that on October 3, 2007, Jesse had not taken hostages and had not made threats to harm civilians or officers before Kling and Thompson entered the building. (*Id.* ¶ 7, 9). She contends that Kling and Thompson had the means to employ additional law enforcement to secure the building, to assure that Jesse could not

escape and that no civilian could enter the building. (*Id.* ¶ 8, 10). Britton alleges that Kling and Thompson made no effort to use de-escalation or conflict resolution techniques such as negotiation, but instead entered the building and aggravated the situation. (*Id.* ¶ 11, 13). Britton contends that Kling and Thompson were not justified in entering the building in the absence of an emergency, and that their entry gave rise to the need for deadly force. (*Id.* ¶¶ 7, 13).

Britton asserts claims under 42 U.S.C. § 1983, and common-law claims pursuant to the Political Subdivisions Tort Claims Act, for Defendants' "reckless and intentional" conduct that led to the use of deadly force. (*Id.* ¶¶ 2, 13). She states that the Defendants demonstrated reckless indifference to Jesse's constitutional rights and that the shooting was a result of negligence. (*Id.*). Britton alleges that the City "acted with deliberate indifference to the risk of deprivation of Jesse's constitutional liberty interests" through its custom or practice of failing to train its employees. (*Id.* ¶¶ 15-17). Britton seeks compensatory and punitive damages, attorneys' fees, and costs. (Amended Complaint, p. 7).

In his Motion to Dismiss (Filing No. 17) and supporting brief (Filing No. 18), brought in his individual capacity only, Kling argues that the Complaint fails to state a claim upon which relief can be granted.

## DISCUSSION

Kling asserts that Britton has failed to state facts sufficient to demonstrate his personal liability under § 1983. (Filing No. 18, p. 2). He contends that the Complaint is void of any allegations that he had direct responsibility for the incidents that led to the

alleged deprivation of Jesse's rights.  According to Kling, the Complaint characterizes his role in the incident as little more than "being there" when Thompson shot and killed Jesse.

A plain reading of the Complaint reveals more specific allegations made against Kling.  While Britton acknowledges that Thompson shot and killed Jesse, she alleges that Kling and Thompson shared certain relevant knowledge, jointly made decisions leading to the use of deadly force, and acted together with reckless indifference to Jesse's rights.

Kling's reliance on the line of cases cited in his brief is misplaced.  The Eighth Circuit decisions cited by Kling all address the issue of the liability of supervisory defendants under §1983.  Britton does not allege that Kling's liability is based on his position as Thompson's supervisor or that he played any supervisory role in the incident of October 3, 2007.  Instead, Britton contends that Kling, along with Thompson, is directly responsible for depriving Jesse of "life, the loss of enjoyment of life and the loss of future earnings, together with the anguish associated with dying in an act of violence." (Complaint, Filing No. 1, p. 5).  The Complaint's allegations draw a causal link between the actions of Kling and Thompson, and the alleged constitutional deprivations.[1]

---

[1] Government officials and officers may be subject to §1983 lawsuits when they use unreasonable force to detain or control a suspect.  Claims that officers used excessive force in the context of an arrest are analyzed under the Fourth Amendment's objective reasonableness standard.  *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Samuelson v. City of New Ulm*, 455 F.3d 871, 877 (8th Cir. 2006).  The issues raised in Kling's Motion to Dismiss do not require any further discussion by the Court of the objective reasonableness standard.

## CONCLUSION

The Complaint's factual allegations are sufficient to allow the Court to infer a right of relief against Kling in his individual capacity, and the Complaint will not be dismissed for failure to state a claim against him.

IT IS ORDERED:

1. The Defendant Dan Kling's Motion to Dismiss (Filing No. 17) is denied; and

2. The Defendant Dan Kling will respond to the Plaintiff's Complaint (Filing No. 1) on or before February 4, 2009.

DATED this 15th day of January, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge