IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **PAT BRITTON, Personal Representative of the Estate of JESSE BRITTON, Deceased,** | ) ) ) ) | **CASE NO. 7:08CV5008** |
| **Plaintiff,** | ) ) | **ORDER** |
| v. | ) ) | |
| **RICHARD THOMPSON, in his Official and Individual Capacities; DAN KLING, in his Official and Individual Capacities; and CITY OF CRAWFORD, a Nebraska Political Subdivision,** | ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

This matter is before the Court on Defendant Dan Kling's Motion to Stay Discovery and Further Proceedings (Filing No. 58), Defendant City of Crawford's Motion to Stay Discovery (Filing No. 66), and the Plaintiff Pat Britton's Motion to Extend Time and Objection to Stay Discovery (Filing No. 67). Upon review of the record and applicable law, the Court finds that the Defendants' motions (Filing Nos. 58 and 66) to stay discovery and further proceedings should be granted. The Court further concludes that the Plaintiff's motion (Filing No. 67) should be denied. Accordingly, the Court will stay discovery and further proceedings until after the Court has ruled on the pending Motions for Summary Judgment (Filing Nos. 53, 55, and 64), and the Court hereby orders the Plaintiff to respond to each of the Defendants' motions (Filing Nos. 53, 55, and 64).

The Court finds that the denial of the Plaintiff's objection and motion is proper because the Plaintiff's "objection to the stay of discovery and motion for enlargement of time did not show by affidavit 'specific facts further discovery might uncover.'" *Ballard v.*

*Heineman*, 548 F.3d 1132, 1137 (8th Cir. 2008) (quoting *Nolan v. Thompson*, 521 F.3d 983, 986 (8th Cir. 2008). Fed. R. Civ. Pro. 56(f) gives the Court discretion to grant an enlargement of time to respond to a motion for summary judgment if the non-moving party "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." In this case, the Plaintiff has failed to do so. As a result, the Court denies the Plaintiff's request for an additional 180 days to respond to the Defendants' Motions for Summary Judgment.

The Court also concludes that refusing to stay discovery and any further proceedings would defeat the purpose of qualified immunity, which Defendant Kling has asserted in response to the Plaintiff's allegations. " Qualified immunity is immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 129 S.Ct. 808, 819 (2009) (internal quotations omitted). "Because qualified immunity protects government officials from suit as well as from liability, it is essential that qualified immunity claims be resolved at the earliest possible stage of litigation." *Hunter v. Bryant*, 502 U.S. 224, 234 (1991). Because the Plaintiff failed to file a proper Rule 56(f) motion, failed to set forth specific facts he sought to discover when he objected to the stay of discovery, and failed to file a motion to conduct discovery on qualified immunity when he had the opportunity to do so, discovery will be stayed. See *Ballard*, 548 F.3d at 1137. Accordingly,

    IT IS ORDERED:

    1. Defendant Dan Kling's Motion to Stay Discovery and Further Proceedings (Filing No. 58) is granted;

2. Defendant City of Crawford's Motion to Stay Discovery (Filing No. 66) is granted;

3. Discovery and any further proceedings in this case are stayed until the Court has ruled on the Defendants' pending Motions for Summary Judgment (Filing Nos. 53, 55, and 64);

4. The Plaintiff's Motion to Extend Time and Objection to Stay Discovery (Filing No. 67) is denied;

5. The Plaintiff shall respond to each of the Defendants' Motions for Summary Judgment (Filing Nos. 53, 55, and 64) on or before August 14, 2009;

6. The Defendants will file their reply briefs, if any, on or before August 26, 2009; and

7. The Defendants' Motions for Summary Judgment (Filing Nos. 53, 55, and 64) will be ripe for decision on August 27, 2009.

DATED this 29th day of July, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge