IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **PAT BRITTON, Personal Representative of the Estate of JESSE BRITTON, Deceased,** | ) ) ) ) | **CASE NO. 7:08CV5008** |
| **Plaintiff,** | ) ) ) | **ORDER** |
| v. | ) ) | |
| **RICHARD THOMPSON, in his Official and Individual Capacities; DAN KLING, in his Official and Individual Capacities; and CITY OF CRAWFORD, a Nebraska Political Subdivision,** | ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

   This matter is before the Court on Plaintiff's Motion to Compel Discovery (Filing No. 72). Plaintiff seeks to compel Defendants to respond to discovery requests from March 3 and May 18, 2009.  Upon review of the record and applicable law, the Court finds that the Plaintiff's Motion should be denied.

   In its Order to Stay Discovery and Other Proceedings (Filing No. 68), the Court concluded that refusing to stay discovery and any further proceedings would defeat the purpose of qualified immunity, which Defendant Kling has asserted in response to the Plaintiff's allegations.  The purpose of qualified immunity is "to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery."  *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 n.2 (1987)).  The facts alleged and shown by plaintiff determine whether qualified immunity applies.  *See id.* at 815-16, 818 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

The Court stayed discovery until resolution of the Defendants' Motions for Summary Judgment Based on Qualified Immunity (Filing Nos. 53, 55, and 64).  Because the determination of Defendants' qualified immunity rests upon the Plaintiff's allegations, no further discovery is necessary to respond to Defendants' Motions.  Plaintiff's responses to each of Defendants' Motions were due on August 14, 2009, with the Motions becoming ripe for decision on August 27, 2009.  Plaintiff has not been granted an extension of time to file responses.  Plaintiff's Motion is therefore denied and the Court considers Defendants' Motions ripe for decision.

Accordingly,

IT IS ORDERED:

1. Plaintiff's Motion to Compel Discovery (Filing No. 72) is denied; and
2. The Defendants' Motions for Summary Judgment (Filing Nos. 53, 55, and 64) are ripe for decision.

DATED this 1st day of September, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge